IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

LANCE CARTER,

    Petitioner,

v.                                     Case No. 3:18cv159-LC/CAS

SECRETARY, FLORIDA
DEPARTMENT OF CORRECTIONS,

    Respondent.
_____/

## REPORT AND RECOMMENDATION TO DISMISS § 2254 PETITION

On December 13, 2017, Petitioner Lance Carter, a state inmate proceeding pro se, filed a "Motion for Extension of Time," requesting more time to file a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. ECF No. 1. This Court entered an order advising Petitioner that the federal habeas corpus statute does not authorize the Court to grant extensions of the one-year federal limitations period. ECF No. 3. Thereafter, on January 18, 2018, Petitioner filed a § 2254 petition. ECF No. 4. On December 12, 2018, Respondent filed a motion to dismiss the petition as untimely, with exhibits. ECF No. 19. Petitioner has not filed a reply, although he was given the opportunity to do so. *See* ECF No. 18.

The matter was referred to the undersigned United States Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636 and

Northern District of Florida Local Rule 72.2(B). After careful consideration of all issues raised, the undersigned has determined that no evidentiary hearing is required for disposition of this case. See Rule 8(a), R. Gov. § 2254 Cases in U.S. Dist. Cts. For the reasons stated herein, the pleadings and attachments before the Court show this § 2254 petition is untimely and should be dismissed. See Rule 4, R. Gov. § 2254 Cases (authorizing dismissal "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief" in federal court).

## Background and Procedural History

On December 28, 2012, by amended information filed in Escambia County Circuit Court case number 2012-CF-3465B, the State of Florida charged Petitioner Lance Carter with two counts in connection with events that took place on or about July 9, 2012: (1) attempted second degree murder with a firearm, contrary to sections 782.04(2), 777.011, 777.04, 784.045(1)(a), and 775.087, Florida Statutes; and (2) possession of a firearm by a convicted felon, contrary to sections 790.23(1)(e) and 775.087(2), Florida Statutes. Ex. A at 3.[1] Carter proceeded to trial on the first count and, on February 22, 2013, the jury found him guilty as charged.

---

[1] Hereinafter, all citations to the state court record, "Ex. –," refer to exhibits submitted with Respondent's motion to dismiss, ECF No. 19.

Ex. B at 217. The jury specifically found Carter discharged a firearm during the commission of the crime, resulting in great bodily harm, and, further, during the commission of the crime, Carter carried, displayed, used, threatened to use, or attempted to use a firearm. *Id*. On May 24, 2013, the judge adjudicated him guilty and sentenced him to twenty-five (25) years in prison. Ex. B at 254-62.

Carter appealed his judgment and sentence to the First District Court of Appeal (First DCA), assigned case number 1D13-2580. *See* Exs. F (Initial Brief); G (Answer Brief); H (Reply Brief). On November 7, 2014, the First DCA per curiam affirmed the case without a written opinion. Ex. I; Carter v. State, 151 So. 3d 1233 (Fla. 1st DCA 2014) (table).

On November 16, 2016, Carter filed a pro se motion for post-conviction relief in the state trial court. Ex. J at 1-12. The state post-conviction trial court summarily denied relief in an order dated March 10, 2017. *Id*. at 13-20. Carter appealed to the First DCA, assigned case number 1D17-1501 and, on July 14, 2017, the court per curiam affirmed the case without a written opinion. Carter v. State, 228 So. 3d 553 (Fla. 1st DCA 2017) (table). The mandate issued August 11, 2017. Ex. K.

As indicated above, Carter filed a § 2254 petition in this Court. ECF No. 4. Respondent has filed a motion to dismiss the petition as untimely,

with exhibits.  ECF No. 19.  Petitioner has not filed a reply, although he was given the opportunity to do so.  See ECF No. 18.

## Analysis

Pursuant to 28 U.S.C. § 2254, as amended by the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA), federal courts may grant habeas corpus relief for persons in state custody.  Under the AEDPA, there is a one-year limitations period for filing a § 2254 petition.  28 U.S.C. § 2244(d)(1).  The period generally runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review," though there are later commencement dates.  Id. § 2244(d)(1)(A).  The limitations period is tolled for the time during which a "properly filed" application for relief is pending in state court.  Id. § 2244(d)(2).  The time may be equitably tolled, but "only if a petitioner establishes *both* extraordinary circumstances and due diligence."  Diaz v. Sec'y for Dep't of Corr., 362 F.3d 698, 702 (11th Cir. 2004).

In this case, the state trial court rendered Carter's judgment of conviction and sentence on May 24, 2013.  Ex. B at 254-61.  Carter filed a direct appeal and, on November 7, 2014, the First DCA affirmed the case per curiam without a written opinion in case number 1D13-2580.  Ex. I; Carter v. State, 151 So. 3d 1233 (Fla. 1st DCA 2014) (table).  Pursuant to

U.S. Supreme Court Rule 13.3, Carter then had ninety (90) days to seek certiorari review in the U.S. Supreme Court, which he did not do. Accordingly, his conviction and sentence became final for federal habeas purposes on February 5, 2015. *See* 28 U.S.C. § 2244(d)(1)(A); *see also, e.g.*, Nix v. Sec'y for Dep't of Corr., 393 F.3d 1235, 1236-37 (11th Cir. 2004); Kaufman v. United States, 282 F.3d 1336, 1338 (11th Cir. 2002). Carter had one year thereafter, or until February 5, 2016, to file his federal habeas petition, absent tolling activity. *See, e.g.*, Downs v. McNeil, 520 F.3d 1311, 1318 (11th Cir. 2008) (calculating limitations period according to "anniversary method"); Ferreira v. Sec'y, Dep't of Corr., 494 F.3d 1286, 1289 n.1 (11th Cir. 2007) (applying anniversary date analysis).

Nothing indicates Carter filed anything on or before February 5, 2016. Accordingly, his one-year AEDPA limitation period expired on that date. Anything he filed thereafter could not toll the limitation period as no time remained in that period. *See, e.g.,* Hutchinson v. State of Fla., 677 F.3d 1097, 1098 (11th Cir. 2012) ("In order for that § 2244(d)(2) statutory tolling to apply, the petitioner must file his state collateral petition before the one-year period for filing his federal habeas petition has run."); Tinker v. Moore, 255 F.3d 1331, 1335 n.4 (11th Cir. 2001), *cert. denied*, 534 U.S. 1144 (2002) ("We remind petitioners that a properly and timely filed petition in

state court only tolls the time remaining within the federal limitation period."). As a result, Carter's § 2254 petition is untimely under § 2244(d)(1)(A).

## Conclusion

Based on the foregoing, it is respectfully **RECOMMENDED** that Respondent's motion to dismiss, ECF No. 19, be **GRANTED** and Petitioner White's amended § 2254 petition, ECF No. 4, be **DISMISSED as untimely**.

## Certificate of Appealability

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." Rule 11(b) provides that a timely notice of appeal must still be filed, even if the court issues a certificate of appealability.

Petitioner fails to make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000) (explaining substantial showing) (citation omitted). Therefore, the Court should deny a certificate of appealability.

The second sentence of Rule 11(a) provides: "Before entering the

final order, the court may direct the parties to submit arguments on whether a certificate should issue." The parties shall make any argument as to whether a certificate should issue by objections to this Report and Recommendation.

Leave to appeal in forma pauperis should also be denied. *See* Fed. R. App. P. 24(a)(3)(A) (providing that before or after notice of appeal is filed, the court may certify appeal is not in good faith or party is not otherwise entitled to appeal in forma pauperis).

## Recommendation

It is therefore respectfully **RECOMMENDED** that Respondent's motion to dismiss (ECF No. 19) be **GRANTED** and the § 2254 petition (ECF No. 4) be **DISMISSED as untimely**. It is further **RECOMMENDED** that a certificate of appealability be **DENIED** and that leave to appeal in forma pauperis be **DENIED**.

**IN CHAMBERS** at Tallahassee, Florida, on January 24, 2019.

S/ Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2).   A copy of the objections shall be served upon all other parties.   A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.   Fed. R. Civ. P. 72(b)(2).   Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.   If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a Report and Recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.   See 11th Cir. R. 3-1; 28 U.S.C. § 636.